UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NORBERTO VALENCIA-GONZALEZ | No. 19 CR 699<br><br>Hon. Steven C. Seeger |

## AMENDED PROTECTIVE ORDER GOVERNING DISCOVERY

Upon the unopposed motion of the government, pursuant to Fed. R. Crim. P. 16(d), it is hereby ORDERED:

1. All of the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") are subject to this protective order and may be used by defendant and defendant's counsel (defined as counsel of record in this case), paralegals, law clerks, and experts, solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. Defendant and defendant's counsel, paralegals, law clerks, and experts shall not disclose the materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the materials as

necessary to prepare the defense, but may not retain copies without prior permission of the Court. The materials and their contents shall not be disclosed either directly or indirectly to any person or entity outside of the United States without prior authorization from the Court.

3. Certain materials contain particularly sensitive information, the unrestricted dissemination of which would adversely affect the safety interests of third parties. This information includes materials involving or identifying individuals who may have cooperated with the government during the course of its investigation.

a. Redacted versions of these materials produced to defendant's counsel will be considered Sensitive (the "Sensitive Materials"). The Sensitive Materials shall be plainly marked by the government prior to disclosure. For written materials, the pages that are Sensitive will be individually marked. For other items, such as audio or video recordings, the media containing those recordings will be marked in the same manner. No such materials, or the information contained therein, may be disclosed to any persons other than defendant, counsel for defendant, and counsel's paralegals, law clerks, and experts, without prior notice to the government and authorization from the Court. Further, counsel for defendant agrees not to provide or leave copies of the Sensitive Materials to or with defendant, without prior notice to the government and authorization from the Court. Absent prior permission from the Court, the Sensitive Materials and information contained

2

therein shall not be included in any public filing with the Court, and instead shall be submitted under seal

        b.     Unredacted versions of these materials produced to defendant's counsel will be considered Attorney's Eyes Only (the "Attorney's Eyes Only Materials"). The Attorney's Eyes Only Materials shall be plainly marked by the government prior to disclosure. For written materials, the pages that are Attorney's Eyes Only will be individually marked. For other items, such as audio or video recordings, the media containing those recordings will be marked in the same manner. Neither the Attorney's Eyes Only Materials nor the information contained therein, but not also contained in the Sensitive Materials, may be disclosed to any person—including defendant—other than defendant's counsel and counsel's paralegals, law clerks, and experts, without prior notice given to the government and authorization from the Court. Absent prior permission from the Court, the Attorney's Eyes Only Materials and information contained therein shall not be included in any public filing with the Court, and instead shall be submitted under seal.

    4.     Defendant, defendant's counsel, paralegals, law clerks, experts, and authorized persons shall not copy or reproduce the materials, the Sensitive Materials, or the Attorney's Eyes Only Materials, except in order to provide copies of the materials for use in connection with this case by defendant, defendant's counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

5. Defendant, defendant's counsel, paralegals, law clerks, experts, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

6. Before providing materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

7. Upon conclusion of all stages of this case, all of the materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any such materials. In the event that the materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the materials are so maintained, and the materials may not be disseminated or used in connection with any other matter without further order of the Court.

8. To the extent any material is produced by the United States to defendant or defendant's counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, defendant and/or defendant's counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in

writing that all copies of the specified material have been deleted from any location in which the material was stored.

9. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case.

10. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTER:

Dated: April 14, 2025

_____
Steven C. Seeger
U.S. District Judge